UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>            Plaintiff,<br><br>   v.<br><br>S. LEE,<br><br>            Defendants. | Case No. 2:18-cv-00374-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>ECF No. 38 |

     Plaintiff Rodney Brooks is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. He alleges that defendant S. Lee violated his due process and First Amendment rights by finding him guilty of false charges during a prison disciplinary hearing. ECF No. 1 at 6-9. Defendant S. Lee has filed a motion to dismiss and argues that another officer—J. Lee—presided over plaintiff's disciplinary hearing. ECF No. 38 at 8. In his opposition, plaintiff concedes that the wrong officer was served and asks that the claims against defendant S. Lee be dismissed. ECF No. 51 at 2. He also asks that the court order the California Attorney General to serve J. Lee and that he be allowed to amend his complaint to add claims based on violations that allegedly occurred at a second disciplinary hearing. *Id.* at 3. Defendant S. Lee opposes both the request to serve J. Lee and plaintiff's proposed amendment. ECF No. 38 at 6-7 & ECF No. 52 at 3-4. Given that the parties do not dispute that S. Lee was wrongly served, I will recommend the dismissal of the claims against him. I will also, for the reasons stated

1 below, recommend that plaintiff be allowed to amend his complaint. If these recommendations
2 are adopted and the amended complaint survives screening, I will order service for defendant J.
3 Lee.
4       Defendant S. Lee argues that an amended complaint would be futile because J. Lee did not
5 violate plaintiff's constitutional rights. Specifically, he contends that any due process violation
6 that occurred at the hearing over which J. Lee presided was cured by subsequent process. ECF
7 No. 52 at 3. Three reasons support rejecting this argument. First, defendant S. Lee lacks standing
8 to argue on behalf of J. Lee, who has not been served and is not currently a defendant. Except in
9 rare circumstances,[1] litigants in federal court can only assert their own legal rights and interests,
10 not those of third parties. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). Second, plaintiff
11 has alleged not only that his due process rights were violated but also that the hearing officer
12 found him guilty in retaliation for engaging in protected conduct. ECF No. 1 at 9. Thus, plaintiff
13 could potentially proceed against J. Lee even in the absence of a viable due process claim. Third,
14 leave to amend should be granted liberally and withheld only where the deficiencies are
15 incurable. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). I cannot
16 conclude that plaintiff's due process claims are unsalvageable.[2]
17     Accordingly, it is RECOMMENDED that:
18     1. defendant S. Lee's motion to dismiss, ECF No. 38, be granted in part, and all claims
19 against him be dismissed;
20     2. defendant S. Lee's motion be denied in all other respects; and
21     3. plaintiff be granted sixty days from the date of any order adopting these findings and
22 recommendations to file an amended complaint.

---

[1] The Supreme Court has recognized an exception to this rule where: (1) the litigant arguing on behalf of the third party has a "sufficiently concrete interest" in the outcome of the disputed issue, (2) the litigant and third party on whose behalf he or she argues have a close relationship, and (3) there exists some hindrance to the third party's ability to protect his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 411 (1991). S. Lee has made no such showing; even if S. Lee and J. Lee could be argued to have a close relationship, S. Lee has no obvious interest in the outcome of any litigation against J. Lee, and there is no indication that J. Lee cannot protect his own interests.

[2] Additionally, any amended complaint would be subject to screening.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court, serving a copy on all parties.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 18, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE