UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS, | Case No. 2:18-cv-00374-WBS-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| J. LEE, *et al.*, | |
| Defendants. | |

    Plaintiff has filed his fifth motion to modify the scheduling order and seeks for the first time to reopen discovery. ECF No. 100. Given the time plaintiff has already been granted to complete discovery and his failure to articulate sufficient basis for modification of the discovery order, I will deny his motion and direct him to file an opposition or statement of non-opposition to defendants' motion for summary judgment.

    Plaintiff filed the operative complaint on June 28, 2021, ECF No. 58, and, after the case was stayed for 120 days and referred to the court's alternative dispute resolution program, the discovery and scheduling order issued on July 15, 2022, ECF No. 79. The discovery and scheduling order set out the following deadlines: All requests for discovery were to be served on or before October 14, 2022, and the deadline to complete all discovery, including the filing of any motions to compel, was December 16, 2022. The dispositive motion deadline was March 17, 2023. Any request for an extension of a deadline set forth in the scheduling order was to be filed

1

before the relevant deadline and would be granted only upon a showing of good cause. The parties were informed that any discovery disputes were to be addressed pursuant to the procedures set forth in the scheduling order and the Federal Rules of Civil Procedure—which require that the parties meet and confer prior to the filing of any motion to compel.

Since that order issued, plaintiff has sought to modify the discovery order five times. ECF Nos. 80, 83, 86, 90, & 100. The court's March 27, 2023 order extended the discovery deadline to May 8, 2023. ECF No. 88. The court's July 11, 2023 order granted plaintiff until August 10, 2023 to file responses to defendants' discovery requests and set the dispositive motion deadline at September 29, 2023.[1] ECF No. 97.

As indicated in my prior order, plaintiff's repeated failure to comply with discovery obligations is troubling. *See* ECF No. 97. I previously warned plaintiff that his status as a pro se litigant did not excuse intentional noncompliance with discovery rules and court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

Plaintiff argues that he is entitled to receive discovery from defendants.[2] ECF No. 100. He asserts that discovery should be reopened because "the court orders granting continuance did not include the discovery order" and he needs help to "prove that the defendant Beasley was not an impartial hearing officer and that defendant Lee acted with improper retaliatory motives." *Id.*

---

[1] Plaintiff's May 26, 2023 motion to modify the scheduling order sought thirty days to "complete all discovery obligations." ECF No. 90. Defendants opposed the motion but indicated that, in lieu of filing a motion to compel discovery responses from plaintiff, they would be amendable to a thirty-day extension for plaintiff to complete outstanding discovery. ECF No. 91. The July 11 order modified the scheduling order to allow plaintiff thirty additional days to complete outstanding discovery; it did not reopen discovery or create a new timeline for submitting discovery requests.

[2] Plaintiff attached to his motion interrogatories and requests for production of documents with his signature dated August 27, 2023. ECF No. 100 at 3-8. Defendants confirm that they received these requests on August 30, 2023. ECF No. 101-1 at 2.

at 1-2. Defendants argue that plaintiff's reasons for not completing discovery are insufficient; plaintiff has not explained why he needs additional time to seek discovery and has not shown that he was diligent in seeking discovery. ECF No. 101.

Typically, a scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations omitted); *see* Fed. R. Civ. P. 16(b). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087 (citation and quotations omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation and quotations omitted). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," a court must consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, there is no trial date, weighing in favor of reopening discovery, but defendants oppose plaintiff's request, which cuts the other way. Of the remaining factors, the majority weigh in favor of not reopening discovery.

While I understand that litigating in prison creates unique challenges, plaintiff has neither met the good cause standard nor heeded my warning about diligently pursuing discovery. Plaintiff filed this motion on September 22, 2023, and requested discovery from defendants on August 27, 2023. Discovery closed on May 8, 2023. Even if plaintiff misunderstood the July 11 order as extending the discovery deadline to August 10, his discovery request would still be untimely by seventeen days. Plaintiff has not offered compelling reasons for why he could not diligently seek discovery earlier—discovery has been open for over two years—and he has not demonstrated that this discovery will likely lead to relevant information.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to reopen discovery, ECF No. 100, is denied.

2. Plaintiff is directed to file an opposition or statement of non-opposition to defendants' motion for summary judgment within thirty days of this order's issuance.

IT IS SO ORDERED.

Dated:   November 14, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4