1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY BROOKS,                        Case No.  2:18-cv-00374-WBS-JDP (PC)

12              Plaintiff,                  **FINDINGS AND RECOMMENDATIONS**

13        v.                               THAT DEFENDANTS' MOTION FOR
                                           SUMMARY JUDGMENT BE GRANTED
14   S. BEASLEY, *et al.*,                 AND PLAINTIFF'S MOTION TO STAY
                                           RULING BE DENIED
15              Defendants.
                                           ECF Nos. 103 & 104
16
                                           OBJECTIONS DUE WITHIN FOURTEEN
17                                         DAYS

18

19        Plaintiff brought this case alleging that defendants S. Beasley and J. Lee violated his First

20   and Fourteenth Amendment rights when they adjudicated Rules Violation Reports ("RVR") and

21   found him guilty without safeguarding his due process rights.  He also claims that defendant Lee

22   found him guilty in retaliation for his filing of complaints against another high-ranking officer.

23   ECF No. 58 at 6.  Now, defendants have moved for summary judgment, ECF No. 103, and

24   plaintiff has moved to stay a ruling on that motion, ECF No. 104; what is identified on the docket

25   as plaintiff's opposition, ECF No. 106, is a request to allow him to conduct further discovery.  I

26   recommend that plaintiff's requests for a stay and for further discovery be denied and that

27   defendants' motion for summary judgment be granted.

28

1

1    <u>Requests for Stay and Further Discovery</u>

2          As I noted in my previous order denying plaintiff's request to reopen discovery, he has

3    sought repeated modifications to the scheduling order, ECF Nos. 80, 83, 86, 90, & 100, and I

4    have extended deadlines twice.  ECF Nos. 88 & 97.  In denying the last request, I emphasized that

5    plaintiff had not acted diligently in conducting discovery, and that he had not shown that

6    additional discovery was likely to lead to discoverable information.  ECF No. 105 at 3.  That

7    order was issued on November 15, 2023.  The requests at issue were filed shortly before the

8    order, on October 30, 2023, and, shortly after it, on December 26, 2023.  ECF Nos. 104 & 106.

9    Plaintiff's contemporaneous filings have not given me cause to reconsider my decision not to

10   reopen discovery, and his request for a stay should be denied.

11   <u>Motion for Summary Judgment</u>

12         A.      <u>Legal Standards</u>

13         Summary judgment is appropriate where there is "no genuine dispute as to any material

14   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

15   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

16   only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

17   while a fact is material if it "might affect the outcome of the suit under the governing law."

18   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

19   F.2d 1422, 1436 (9th Cir. 1987).

20         Rule 56 allows a court to grant summary adjudication, also known as partial summary

21   judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.

22   *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

23   56 authorizes a summary adjudication that will often fall short of a final determination, even of a

24   single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a

25   motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.

26   Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

27         Each party's position must be supported by (1) citations to particular portions of materials

28   in the record, including but not limited to depositions, documents, declarations, or discovery; or

(2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson*, 477 U.S. at 252).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Electrical Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

1 | 198 F.3d 1130, 1134 (9th Cir. 2000).

2 |       B.    <u>Background</u>

3 |      Plaintiff alleges that his rights were violated in connection with two disciplinary hearings

4 | overseen by defendants.  The following background information is contained in defendants'

5 | motion and, by centering his opposition on a request for additional discovery, plaintiff has failed

6 | meaningfully to dispute any of it.

7 |      On September 8, 2017, plaintiff was issued an RVR for ordering one inmate, Reyes, to

8 | attack another, Mendoza.  ECF No. 103-2 at 9.  Reyes allegedly disobeyed that order, and, in

9 | turn, plaintiff ordered two other inmates to attack him for his disobedience.  *Id.*  Those inmates

10 | did attack Reyes.  *Id.*  A disciplinary hearing on this RVR was held before defendant Lee on

11 | October 5, 2017, and, based on multiple statements from confidential informants, plaintiff was

12 | found guilty.  *Id.* at 9-10.  This hearing however, had to be "reissued and reheard" because a

13 | "Security Threat Group nexus" was accidentally appended to plaintiff's charges at the conclusion

14 | of the hearing.  *Id.* at 10.

15 |      The RVR was reissued in November 2017, and, on May 10, 2018, plaintiff waived his right

16 | to an investigative employee and indicated that he had two questions he wished to ask four inmate

17 | witnesses.  *Id.* at 10-11.  The new hearing was held before defendant Beasley on May 15, 2018,

18 | and plaintiff was again found guilty.  *Id.* at 11.  Plaintiff was not allowed to call the four inmate

19 | witnesses because Beasley determined that they would only be able to provide insufficiently

20 | relevant character evidence in plaintiff's defense.  *Id.*

21 |       C.    <u>Due Process Claims</u>

22 |      Plaintiff's due process claims related to his disciplinary hearings should be dismissed.

23 | Due process in prison disciplinary hearings requires only that the prisoner receive: (1) advanced

24 | written notice of the alleged violation; (2) an opportunity to present evidence and call witnesses,

25 | unless doing so would be hazardous to institutional security; and (3) legal assistance where the

26 | charges are complex or the prisoner is illiterate.  *Wolff v. McDonnell*, 418 U.S. 539, 563-70

27 | (1974).  Where a decision involves the revocation of a prisoner's good time credits, due process

28 | also demands that the adverse decision be supported by "some evidence."  *Superintendent v. Hill*,

1 | 472 U.S. 445, 455 (1985).

2 |      The procedural requirements were met at both hearings.  Defendants have presented

3 | evidence that, at the October 2017 hearing before Lee, plaintiff was served in advance with the

4 | charges, was allowed to present evidence, and received the assistance of an investigative

5 | employee.  ECF No. 103-4 at 4-5, 24.  Some evidence, in the form of confidential memorandums

6 | from informants, supported the hearing decision.  *Id.* at 5, 59.  Defendants also persuasively argue

7 | that, even if there were due process violations at this hearing, such violations cannot provide a

8 | basis for recovery, given the decision to reissue and rehear the charges.  *See Torricellas v. Poole*,

9 | 954 F. Supp. 1405, 1414 (C.D. Cal. 1997) ("Because the disciplinary action was dismissed on

10 | administrative appeal and plaintiff was not subject to any discipline or loss of credits, any

11 | procedural defects in the disciplinary hearing are not compensable.  It is, therefore, not necessary

12 | to analyze the process provided to plaintiff."); *Brown v. Marshall*, No. CIV-S-07-0956-MCE-

13 | DAD, 2012 WL 12906131, at *9-13 (E.D. Cal. Mar. 1, 2012).

14 |      As to the hearing before Beasley, defendants have provided evidence that plaintiff was

15 | served with charges in advance and waived his right to an investigative employee.  ECF No. 105-

16 | 3 at 3, 9.  And Beasley's decision not to call witnesses who could provide character testimony for

17 | plaintiff was not violative of due process.  *See Wolff*, 418 U.S. at 566 (acknowledging that prison

18 | officials could, if they provide their reasons, decline to call witnesses in prison disciplinary

19 | hearings for, among other things, lack of relevant testimony).  Here, plaintiff acknowledged that

20 | none of his desired witnesses was present for the battery of Reyes and as such each would be

21 | providing only character testimony.  ECF No. 103-6 at 2-3.  Finally, Beasley provided "some

22 | evidence" in finding plaintiff guilty, including memoranda from confidential informants and the

23 | incident report.  *Id.* at 3-4.

24 |      In closing, I again emphasize that plaintiff has failed to dispute any of the foregoing

25 | evidence by way of a properly filed opposition.

26 |      D.     First Amendment Retaliation Claim

27 |      Plaintiff's remaining First Amendment retaliation claim against defendant Lee should also

28 | be dismissed.  He alleges that Lee found him guilty at his disciplinary hearing in order to retaliate

against him for complaints he had filed against a different correctional officer.  This claim fails for two reasons.  First, as noted above, Lee's guilty finding was withdrawn, and the hearing was reheard.  As such, plaintiff cannot show that he was harmed or that there was the requisite chilling effect.  *Resnick v. Warden Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) ("In a constitutional tort, as in any other, a plaintiff must allege that the defendant's actions caused him some injury.").  Second, a retaliation claim fails if the act complained of advanced legitimate correctional goals.  *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  As noted above, enough evidence supported Lee's finding of guilt and, accordingly, plaintiff cannot show that finding him guilty did not advance the legitimate correctional goal of punishing inmates who harm their peers.  *Id.* ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct he complains of.").

D.   Conclusion

I find it unnecessary to reach defendants' other arguments.  As stated above, defendants have presented sufficient evidence to show that no genuine issue of material fact exists.  Plaintiff, by failing to file a substantive opposition, has failed to carry his burden of putting forth facts demonstrating the existence of any genuine issue.

Accordingly, it is RECOMMENDED that:

1.   Defendants' motion for summary judgment, ECF No. 103, be GRANTED and judgment be entered in their favor.

2.   Plaintiff's motion to stay ruling, ECF No. 104, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE